CITY COUNCIL OF CHARLESTON v. ASHLEY PHOSPHATE
COMPANY.

SAME v. SAME.

1. MUNICIPAL CORPORATIONS—ACTIONS TO ENFORCE ORDINANCE.—A city
   council were authorized by charter to require the payment of a license
   by persons engaged in business within the city limits, and to pass such
   ordinances as were necessary to carry this provision into effect. In
   action by the city council, the complaint alleged that a license tax had
   been imposed by ordinance on the fertilizer business, and that defend-
   ant was carrying on such business without taking out or paying for
   the license so to do. *Held,* that the complaint did not state facts suffi-
   cient to constitute a cause of action, in that it failed to state that the
   ordinance authorized a suit or action to enforce payment, or that the
   ordinance contained no provision at all for the enforcement of such
   payment.
2. MUNICIPAL ORDINANCES—COURTS.—The courts cannot take judicial
   cognizance of a municipal ordinance, even though referred to by its
   title in the complaint. It should be set out in full or in substance.
3. UNCONSTITUTIONAL STATUTE—ACTION FOR TAXES.—The act of 1870
   (14 Stat., 409), which authorized this city council to impose a license
   tax and declared that such taxes should be collected by such officers
   and at such times as the city council may direct, does not give author-
   ity to enforce by action the payment of a license tax, for the reason
   that the provision in that act as to licenses has been declared uncon-
   stitutional, and for the further reason that that act does not purport
   to authorize an action for the collection of taxes.
4. MUNICIPAL ORDINANCE—LICENSES—PENALTY.—Where a municipal
   ordinance imposed a license tax and declared a heavy penalty for do-
   ing business without a license, but made no provision for enforcing by
   action the payment of the license fee, the city cannot proceed by action
   to recover such fee from one who fails to pay it, but is restricted to an
   enforcement of the penalties prescribed against those who do business
   without a license.

Before FRASER and ALDRICH, JJ., Charleston, March and
July, 1890.

In the first of these two cases the complaint was as follows:
The plaintiffs above named, complaining of the defendant, allege:
I. That they, the plaintiffs, are a corporation duly chartered
under and by the laws of the State of South Carolina, pursuant

to an act of the general assembly of the said State, entitled "An act to incorporate Charleston," and the acts amendatory thereof.

II. That under and by virtue of an act of the general assembly of the said State, entitled "An act to authorize the city council of Charleston to impose a license tax on all persons engaged in any business, trade, or profession in the city of Charleston," approved the 17th December, 1881, the plaintiffs, on the 27th day of December, 1888, for the purpose of raising a revenue and in exercise of the taxing power, passed an ordinance entitled "An ordinance to regulate licenses for the year 1889," whereby, *inter alia*, it is provided that phosphate rock mining or manufacturing companies or agencies, engaged or intending to engage in business in said city, shall, on or before the 20th day of January, A. D. 1889, obtain each a license therefor, and shall be required each to pay for the same the sum of five hundred ($500) dollars.

III. That at the time of the passage of the said ordinance the defendant was, and now is, a corporation duly created by and under the laws of said State, for the purpose of digging and mining for phosphate rock, marl, lime, and minerals, and of manufacturing the same, and such other minerals or materials as they may purchase or require, into chemicals, acids, and fertilizers, and of carrying on trade therein.

IV. That since the first day of January, 1889, the defendant, being a phosphate rock manufacturing company, as aforesaid, has carried on, and is now carrying on, the business of selling fertilizers in Charleston aforesaid, having an office on Brown's wharf in said city, for a license to do which, there was due and payable to plaintiffs the sum of five hundred dollars, under the ordinance aforesaid; but at no time during the said year has the said company had, nor has it now, a license to conduct the said business as required by law.

V. That no part of the said five hundred dollars due and payable by the defendant to the plaintiffs as aforesaid has been paid.

Wherefore plaintiffs demand judgment against the defendant for the sum of five hundred dollars, and the costs and disbursements of this action.

Defendant answered, but on the call of this case for trial, it

was orally objected by defendant that the complaint did not state facts sufficient to constitute a cause of action. This objection was overruled by Judge Fraser by a formal order, and defendant appealed.

In the second of the cases above stated, the complaint was as follows :

The plaintiffs above named, the city council of Charleston, complaining of the defendant, the Ashley Phosphate Company, allege :

I. That they, the said plaintiffs are a municipal corporation, duly chartered by and under the laws of the State of South Carolina, pursuant to an act of the general assembly of the said State, entitled "An act to incorporate Charleston," and the acts amendatory thereof.

II. That under and by virtue of an act of the general assembly of the said State, entitled "An act to authorize the city council to impose a license tax on all persons engaged in any business, trade, or profession in the city of Charleston," approved the 17th December, 1881, the plaintiffs on the 23rd day of December, 1889, for the purpose of raising a revenue and in exercise of the taxing power, passed an ordinance entitled "An ordinance to regulate licenses for the year 1890," a copy of which said ordinance is hereto annexed and made part and parcel of this complaint.

III. That at the time of the passage of the said ordinance, the defendant was, and now is, a corporation duly created by and under the laws of the said State, for the purpose of digging and mining for phosphate rock, marl, lime, and minerals, and of manufacturing the same, and such other minerals as they may purchase or acquire, into chemicals, acids, and fertilizers, and of carrying on trade therein.

IV. That since the first day of January, 1890, the defendants, being a phosphate rock manufacturing company, as aforesaid, has carried on, and is now carrying on, business in Charleston aforesaid, to wit, selling their fertilizers and carrying on trade as authorized in its said charter, having an office on Brown's wharf in said city.

V. That pursuant to the license ordinance aforesaid, there was

due on the 20th day of January, A. D. 1890, by the said defendants to the said plaintiffs, the sum of five hundred dollars for the license to carry on such business and trade as authorized in its said charter. But the said defendant company has not obtained a license to carry on such business and trade in the said city as required by the said ordinance, nor has it paid the said sum of five hundred dollars, nor any part thereof.

Wherefore plaintiffs demand judgment against the said defendant for the sum of five hundred dollars, and the costs and disbursements of this action.

The ordinance filed as an exhibit to this complaint, so far as material was as follows:

An Ordinance to Regulate Licenses for the Year 1890.

Section 1. *Be it ordained by the Mayor and Aldermen of the City of Charleston, in City Council assembled,* That every person, firm, company, or corporation engaged in, or intending to engage in, any trade, business, or profession hereinafter mentioned, shall obtain, on or before the 20th day of January, A. D. 1890, a license therefor, in the manner hereinafter prescribed. Every person, firm, company, or corporation commencing business after the said 20th day of January, A. D. 1890, shall obtain a license therefor before entering upon such trade, business, or profession.

\*       \*       \*       \*       \*       \*       \*

Section 3. If any person or persons shall exercise or carry on any trade, business, or profession for the exercising, carrying on, or doing of which a license is required by this ordinance, without taking out such license as in that behalf required, he, she, or they shall, for each and every offence, be subject to a penalty not exceeding $100, as may be adjudged by the recorder or court trying the case. And the same shall be entered up as a judgment of the court, and execution shall issue against the property of the defendants as for the collection of other taxes and penalties.

\*       \*       \*       \*       \*       \*       \*

Section 11. For a license to carry on any trade, business, or

profession hereinafter mentioned, the following sums shall be paid
to the city treasurer, viz.:

CLASS 1.

Agencies or companies, each:     *     *     *
20. Phosphate rock mining or manfacturing companies
    or agencies, each,                                  500 00
      *        *        *        *        *        *        *

The defendant answered. At the trial the complaint was object-
ed to as insufficient, but the judge (Aldrich) overruled the objec-
tion, and the trial proceeded. Upon the only point considered
on the appeal, the judgment was as follows:

Upon the call of this case upon calendar 1, counsel waived their
right to a trial by jury, and in open court agreed to submit all of
the issues in the action to the court. The arguments of the
learned and eminent counsel were close, logical, and exhaustive;
and I regret that the limited time at my command will not per-
mit me to enter as fully into the discussion of the various ques-
tions and issues involved as I would like to do. I shall confine
myself to the consideration of such issues as, in my judgment,
determine the result of this action. The complaint was read, and
defendant interposed the following oral demurrer: The defend-
ant demurs to the complaint, because it does not state facts suffi-
cient to constitute a cause of action in this, that the action is one
for an alleged debt, and there are no allegations of a promise to pay
which would create such debt, or of facts constituting a promise to
pay the amount claimed, which would create a debt; whereas,
from the ordinance set out in the complaint, it appears that the
suit should be brought for the penalty named in said ordinance,
nor is there any consideration or contract set out which created
a debt.

The word debt does not appear in the complaint. Debt is de-
fined by Worcester "as what one owes to another;" that is the
dominant idea. A debt is not always a license tax due, but a
license tax due and properly charged is a debt. It is common
in actions arising out of contract to allege a promise to pay, but
such allegation is not necessary when the facts stated show that
the amount claimed is due and payable. No tax-payer promises

in terms to pay his taxes, yet they are debts due the public, and as such are collected. The complaint does state facts, showing that defendant is due to the plaintiff the amount claimed in the complaint, and that is sufficient.

I cannot appreciate the force of the proposition that suit should be brought for the penalty named in section 3 of the ordinance. Plaintiff might have sued for the penalty therein named, if the facts would support such suit, but it would not and could not affect this action. A license tax is one thing, and a penalty for carrying on any trade, &c., without taking out a license is another thing. The object of the former is to put money into the city treasury, the latter is intended to punish a person for violating a city ordinance.

To say that plaintiff cannot maintain this action to recover the amount due as a license tax, because there is no specific statute or ordinance authorizing such a suit is, I think, a misapprehension of the rule of law upon that subject. The usual method of collecting money is by suit, and that method remains as an incident to the right to collect, unless changed by the law-making power. The "contract," if such it can be termed, existing between the government and tax-payer, which empowers the one to impose taxes upon the other, and the "considerations" which the tax payer receives in return for taxes paid, belong to the science of government organized and regulated by the law of the land; therefore being matters of law, plaintiff was under no necessity to allege those principles of law in its complaint.

For these and other reasons I overruled the demurrer, and ordered the trial to proceed.

The defendant appealed upon several grounds, but this court considered only the first, which alleged error in overruling the oral demurrer.

*Mr. J. F. Ficken*, for appellant.

This action is one for a debt alleged to exist under the provisions of a municipal ordinance. But it is a tax (6 S. C., 8), and a tax is not such a debt as will sustain this action without

special authority. The only remedy of the city is that which they have prescribed in the third section of their ordinance. Cool. Tax., 15, 13; 20 Cal., 351; 2 Dutcher, 399; 26 Vt., 485; 12 S. E. Rep., 122; 15 Fla., 382; 52 Mich., 458; 38 Mo., 130; 6 Mass., 44, 8 Metc., 394; 3 *Id.*, 520; 7 Wall., 80; 12 Buch., 673; 16 S. C., 52; 3 *Id.*, 349. If, then, a tax is not a debt for which an action at common law will lie, and the ordinance in question does not authorize the action at bar to be brought, the case fails and the complaint should be dismissed.

Suit cannot be brought for the recovery of the license tax, when no license has been granted. In such case only the penalty for carrying on business without a license can be enforced. A license fee cannot be exacted for that which is unlawful. Burr. Tax., 148; 27 Pa. St., 494; 6 Rich., 414. The act of 1881 (17 Stat., 582) conferred upon the city council full power to enforce the payment of all license taxes, and we must therefore look to the ordinance alone for the remedies to be applied to delinquents. And this ordinance does not authorize an action to recover the amount of the fee charged for licenses. This action is to recover the fee and not the penalty, whereas the penalty imposed is exclusive of other remedies. 19 Wall., 238. Action to recover the fee cannot be maintained because the license was never issued. Burr. Tax , 146, 148; 91 N. C., 16; Cool. Tax., 414; 1 McMull., 328; 2 Dill. Mun. Corp., secs. 815, 410; 3 Brev., 540; Burr. Tax., 37; 15 Mich., 54; 56 Cal., 144. This last case is upon our precise point.

*Mr. Charles Inglesby,* contra, upon the point here decided, relied upon the reasoning of the Circuit Judge, citing further 2 Bay, 249; 16 S. C., 51–53; Cool. Tax., 13, note 1; 1 Gill & J., 499; 2 Dill. Mun. Corp., secs. 815, 818; 14 Stat., 409; Rev. Ord. of Charleston, secs. 99, 100.

November 12, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. These two cases, though not involving all of the same questions, turning, as they do in our judgment, upon the same question, may be considered together. Both

were brought to recover the amount of certain license taxes which plaintiffs claimed defendants were liable for under an ordinance passed by the city council of Charleston, which will be more particularly referred to hereinafter. In each of the cases a demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and in each case the demurrer was overruled, and the defendants appeal, raising this question common to both of the cases, though there are other questions raised in the last case, which, under the view we take of the demurrer, cannot properly arise and will not therefore be considered.

We do not deem it necessary to set out in detail the several allegations contained in the complaints, though copies thereof should be inserted in the report of the case, for it is sufficient to say that in both of the cases the actions were brought to recover the sums which the ordinance, incorporated in the complaint in the second case, or rather made a part thereof as an exhibit, required persons or corporations engaging in the business in which it is claimed defendants were engaged, to pay for a license to carry on such business within the city of Charleston. It is true that the ordinance imposing the license tax, sued for in the first action, is not set out in the "Case," but the allegation of the complaint in that action shows that by such ordinance persons engaging in the business in which it is alleged defendants were engaged, were required to take out a license and pay therefor the sum of five hundred dollars, and the further allegation is made that defendants have neither taken out such license, nor paid the sum required for that purpose. But there is no allegation that plaintiffs have been authorized, either by statute or ordinance, to enforce the payment of such sum by suit, and no such statute has been brought to our attention. Nor is there any allegation in the complaint that no other mode has been provided, either by statute or ordinance, to enforce such payment.

In the second case, however, brought to recover the amount of the license tax for the year 1890, the ordinance imposing that tax, which is made a part of the complaint, does show that another remedy has been provided, for the 3rd section contains this provision: "If any person or persons shall exercise or carry on

any trade, business, or profession for the exercising, carrying on, or doing of which a license is required by this ordinance, without taking out such license as in that behalf required, he, she, or they shall for each and every offence be subject to a penalty not exceeding $100, as may be adjudged by the recorder or court trying the case. And the same shall be entered up as a judgment of the court, and execution shall issue against the property of the defendants as for the collection of other taxes and penalties."

This provision would seem to afford a most efficient remedy, for if a person should fail to take out a license as required and continue business for any length of time, being liable to the penalty "for each and every offence" these penalties, under the decision in *Jaeger's case* (29 S. C., 446), might be swelled to a very large sum—much larger than the sum required to be paid for the license. Whether the ordinance imposing the license tax for the year 1889, for the non-payment of which the first action was brought, contains a similar provision, we are not informed, but from the fact that these two cases were submitted together, and our attention was not drawn to any difference between them in this respect, it would be reasonable to suppose that the two ordinances were substantially the same in this respect; but as we are perhaps not at liberty to assume this to be so, we have called attention above to the fact that there is no allegation in the complaint in the first case that no mode of enforcing the payment of the tax has been prescribed by any ordinance.

Confining our attention for the present to the first case, it seems to us that the practical question presented is whether a bare statement that a license tax has been imposed, that such license tax has not been paid, and that no license has been taken out, is sufficient to constitute a cause of action for the recovery of the amount required to be paid for such license. By the act of 1881 (17 Stat., 582), the city council of Charleston have been authorized "to require the payment of such sum or sums of money, not exceeding five hundred dollars, for license or licenses, as in their judgment be just and wise, by any person or persons engaged, or intending to engage, in any calling, business, or profession, in whole or in part, within

the limits of the city of Charleston, except those engaged in the calling or profession of teachers and ministers of the gospel," And by the second section of that act, the said city council are expressly authorized "to pass such ordinances as are necessary to carry the intent and purposes of this act into full effect." It is very manifest from the whole frame of the act that its main intent and purpose was to enable the city council, in addition to its other means of raising a revenue for the use of the corporation, to impose a license tax, and certainly to carry such purpose into full effect, it was necessary to provide the means for enforcing the payment of such tax. Accordingly, by the second section, the city council were invested with power to pass such ordinances as might be necessary to enforce the payment of such tax. But there is no allegation in this complaint that any such ordinance has ever been passed.

It is true that the complaint does contain an allegation that "the plaintiffs, on the 27th day of December, 1888, for the purpose of raising a revenue, and in exercise of the taxing power, passed an ordinance entitled 'An ordinance to regulate licenses for the year 1889,' whereby, *inter alia*, it is provided that phosphate rock mining or manufacturing companies or agencies engaged or intending to engage in business in said city shall, on or before the 20th day of January, A. D. 1889, obtain each a license therefor, and shall be required each to pay for the same the sum of five hundred ($500) dollars." But there is no allegation that such ordinance, thus referred to by date and title, contained any provision authorizing the enforcement of the payment of such license fee by suit or otherwise, as the act above referred to authorized ; nor is there any allegation that such ordinance contained no provision at all for the enforcement of such payment. The reference to this ordinance by date and title is not sufficient, for, as is said in 1 Dill. Mun. Corp. (4th edit.), section 346, "The courts, unless it be the courts of the municipality, do not judicially notice the ordinances of a municipal corporation, unless directed by charter or statute to do so. Therefore such ordinances when sought to be enforced by action, or when set up by the defendant as a protection, should be set out in the pleading. It is not sufficient that they be referred to generally by the

title or section," though probably they need not be set out *in haec verba*, a statement of the substance with reference to the date, title, and section being sufficient. See also *Information* v. *Oliver*, 21 S. C., 323. Here, however, there is no allegation that the ordinance in substance provides for the enforcement of the payment of the license fee by action.

It seems to us, therefore, that the allegations in this complaint are not sufficient to constitute the cause of action sought to be enforced therein; but that a further allegation was necessary for that purpose, either to the effect that provision had been made in the ordinance, as authorized by the act of 1881, *supra*, for the enforcement of the payment of such license tax by action, or that no provision whatever had been made for that purpose, which would have raised the question whether, in the absence of any provision at all, the Court of Common Pleas, by virtue of its general jurisdiction, could enforce a right *conferred by an ordinance of a municipal corporation* by an ordinary action, where no other mode of doing so has been provided by the ordinance. Of course, these views are based upon the assumption that neither in the charter of the city nor in any other statute is there any provision authorizing the enforcement of the payment of taxes imposed by the city council by an ordinary action, for no such provision has been brought to our attention, and we are not aware of any. It is true that the counsel for respondents, in his argument in the second case, has cited us to certain sections in the revised ordinances of the city of Charleston, ratified 26th of September, 1882, containing such provision; but, as we have seen, the court cannot take judicial notice of these ordinances, and they have not been set forth in the complaint, either *in haec verba* or in substance.

The act of 1 March, 1870 (14 Stat., 409), also referred to by counsel in this connection, cannot affect the question for two reasons: 1st. Because so much of that act as relates to license taxes has been declared unconstitutional in the case of the *City Council of Charleston* v. *Oliver* (16 S. C., 47), and therefore so much of the provisions of that act as relates to licenses must be regarded as if no such act had ever been passed. 2nd. Because even that act does not purport to

give the city council authority to enforce the payment of taxes by action ; but in the section specially referred to, simply declares that the collection of taxes "shall be made by such officer or officers and at such time or times as the city council may direct," and the last section of that act contains the same provision quoted above from the second section of the act of 1881.

So that while it is true that the legislature have by statute conferred upon the city council the power to provide the manner in which the payment of taxes may be enforced, the pleadings in this case do not show that such power has ever been exercised. Ordinarily the payment of taxes, whether imposed by State or municipal authority, is not enforced by action, but some more summary and speedy remedy is usually resorted to. As is said in Cooley on Taxation, 13, quoted with approval in Oliver's case, *supra* : "Taxes are not debts in the ordinary sense of that term, and their collection will in general depend on the remedies which are given by statute for their enforcement." It seems to us, therefore, that when a municipal corporation resorts to the unusual remedy of an action, it must allege and prove its authority for so doing.

We come next to the consideration of the second of the cases above stated, in which the ordinance imposing the license tax sued for is made a part of the complaint. Here we find that the 3rd section of the ordinance above set out, does provide another remedy, and what seems to be, under the views announced in *Jaeger's case, supra* (29 S. C., 446), a most stringent one. It is there expressly provided that if a person required to take out a license shall fail or refuse so to do, he is liable to a penalty ; but there is no provision that he may also be required to pay the license fee by an action for that purpose. Practically he is offered the option either to take out the license by paying the amount specified, or be subject to the penalty prescribed by the 3rd section of the ordinance. There is no warrant in the ordinance for requiring both ; for there is not only no provision in the ordinance that the payment of the license fee may be enforced by an action for the same ; but there is an express provision that if he fails to obtain the prescribed license, he is liable to a heavy penalty. In this respect the ordinance now

under consideration differs widely from that which came under review in *Oliver's case, supra;* for in that there was an express provision that if any person shall pursue any of the occupations requiring a license without taking out one, he "shall, besides being liable to the payment for the license, be subject to a penalty of twenty per cent. of the amount of such license, to be sued for and collected in the City Court, or any other court of competent jurisdiction, or to imprisonment not exceeding thirty days, as may be adjudged by the recorder." But in the present ordinance the only provision made is, that the failure to take out a license when required subjects one to the penalty prescribed by the 3rd section of the ordinance.

It seems to us, therefore, that the city council of Charleston having been invested with authority to require the payment of such sum as they may deem just for a license, and having been specially authorized by the same act (1881, *supra*) "to pass such ordinances as are necessary to carry the intent and purpose of this act [which, as we have seen, was to raise revenue by requiring the payment of license fees] into full effect;" and the city council having passed no ordinance, so far as appears in this case, to carry such intent and purpose into full effect, except the ordinance providing that a failure to pay the amount required for a license will subject one to the penalties prescribed, they are confined to the mode which they have prescribed for enforcing the payment of license fees, and cannot resort to any other. We are therefore of opinion that the demurrers in both of these cases should have been sustained, upon the ground that the complaints in both of the cases fail to state facts sufficient to constitute a cause of action.

The judgment of this court is, that the judgment of the Circuit Court, in each of the cases stated above, be reversed.